J-A18016-18

2018 PA Super 346

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRISTAN STAHLEY | : | |
| | : | |
| Appellant | : | No. 3109 EDA 2017 |

Appeal from the PCRA Order August 28, 2017
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005026-2013

BEFORE:  STABILE, J., STEVENS, P.J.E.,* and STRASSBURGER, J.**

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:     **FILED DECEMBER 19, 2018**

I join the Majority opinion denying relief with respect to Appellant's ineffective-assistance-of-counsel claim.  However, because ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) (***Batts II***) announced a substantive change in the law, it therefore applies to Appellant retroactively.  Accordingly, I would vacate Appellant's sentence and remand for a new sentencing hearing applying ***Batts II***.

Here, the Majority concludes that our Supreme Court in ***Batts II*** "devised a procedural scheme by which to implement" ***Miller v. Alabama***, 567 U.S. 460 (2012); therefore, it is not required to be applied retroactively. Majority at 21.  ***Batts II***, however, is more than merely procedural.  Instead,

_____

* Retired Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

it concludes specifically, that in order to apply **Miller** constitutionally, there must be a

> presumption against the imposition of a sentence of life without parole for a defendant convicted of first-degree murder committed as a juvenile…. To rebut the presumption, the Commonwealth has the burden to prove, beyond a reasonable doubt, that the juvenile offender is permanently incorrigible and thus is unable to be rehabilitated. Consistent with the mandate of **Miller** and **Montgomery**, for a life-without-parole sentence to be constitutionally valid, the sentencing court must find that the juvenile offender is permanently incorrigible and that rehabilitation would be impossible.

**Batts II**, 163 A.3d at 459.

"Concerning the substantive/procedural dichotomy, substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons." **Commonwealth v. Washington**, 142 A.3d 810, 813 (Pa. 2016). **Batts II** prohibits punishment against a class of persons, *i.e.* those juveniles whom the Commonwealth has not proven beyond a reasonable doubt to be permanently incorrigible. 163 A.3d at 476.

In fact, this is essentially the position taken by two Justices in **Batts II**. **See Batts II**, 163 A.3d at 460-61 (Wecht J., concurring) (pointing out that despite the diligent efforts of the trial court to consider every factor in sentencing Batts to an LWOP sentence, it "still fell short of the new constitutional standard").

Based on the foregoing, I would vacate Appellant's sentence and remand for a new, constitutional sentencing hearing applying the presumption and burden of proof required by **Batts II**.